LUCIANO HERNÁNDEZ CIRINO ET AL., Plaintiffs and Appellants, *v.* ADOLFINA AYALA, Defendant and Appellee.

No. 9714. Argued June 2, 1948.—Decided June 18, 1948.

*Harry B. Llenza* for appellants. *R. R. Rivera Correa* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

This is an action of revendication, for the declaration of nonexistence of certain contracts, and for other relief. Since in opposition to the complaint filed by the plaintiffs, the defendant presented a motion to dismiss the same for in-

sufficiency, which was sustained, and the decision to that effect has given rise to the first assignment of error herein, we deem it indispensable to make a brief summary of the allegations of the complaint. The latter alleges that Sotero Hernández died on September 8, 1942, leaving as his sole and universal heirs his legitimate children, plaintiffs herein; that prior to January 30, 1933, the aforesaid Sotero Hernández acquired from Lorenzo Orta and his wife, Elisa Torres Ayende, for the sum of $250, a lot containing 250 square meters, wherein are located two 1-story zinc-roofed frame houses; that on January 30, 1933, Sotero Hernández requested and caused the vendors Orta and his wife to appear before a notary and simulate a sale of the above-mentioned property to his concubine, the defendant Adolfina Ayala, and it was recited in the deed that the sale was made for the sum of $250, which the vendors had received from the hands of the purchaser prior to the execution of the deed, such recital being false, since Sotero Hernández had been the purchaser and paid the indicated price; that on October 16, 1939, Adolfina Ayala and Sotero Hernández, ratifying the above-mentioned simulated deed, appeared before another notary and executed a conveyance, whereby the former sold to the latter the real property already mentioned, and stated in the conveyance that Adolfina Ayala had received the selling price prior to the execution thereof; that 64 days after said conveyance was executed, the plaintiffs' predecessor in interest appeared before a notary and likewise simulated a sale of the said property in favor of defendant Adolfina Ayala, stating that the sale was made for the price of $650, which was said to have been delivered in the presence of the attesting notary; that notwithstanding the last statement, such delivery was the result of the simulation contrived by Sotero Hernández and his concubine, since the latter was insolvent and without any financial means whatsoever to meet the obligations specified in the deeds already mentioned; that Adolfina Ayala at no time paid to Lorenzo Orta any sum

representing the value of the aforesaid property, nor did Sotero Hernández pay any amount to Adolfina Ayala on October 16, 1939, or the latter to Sotero on December 30, 1939, since Sotero Hernández was the one who made the purchase from, and paid the stipulated price to, Lorenzo Orta, and all those conveyances were fraudulent and simulated and carried out by mutual agreement between Sotero Hernández and his concubine Adolfina Ayala, with the purpose of simulating the insolvency of the former and depriving the plaintiffs of their shares in the hereditary estate of their father, who at that time was angry with the plaintiffs because the latter had remonstrated with him when he abandoned their legitimate mother for his concubine, the defendant; that the defendant never paid any amount for the above-mentioned property, and it was Sotero Hernández, who, since January 30, 1933, held possession of the property quietly, publicly, under claim of ownership, and uninterruptedly up to the date of his death.

The complaint also set up a second cause of action, to the effect that the defendant has leased one of the two houses mentioned above and has appropriated the corresponding rentals.

Regarding the first cause of action, which is really, as it will be seen presently, the only one pertinent to the question under discussion, it is prayed that judgment be rendered declaring that the above-mentioned deeds are void and nonexistent, and that the property described in said first cause of action belongs exclusively to the plaintiffs as heirs of their predecessor in interest, Sotero Hernández.

On July 3, 1947 the lower court, after citing the cases of *González et al.* v. *Fumero et al.,* 38 P.R.R. 497; *Rivera* v. *Heirs of Caraballo,* 56 P.R.R. 705; *Heirs of Soto* v. *Vélez,* 60 P.R.R. 210; *Rodríguez* v. *Pizá,* 60 P.R.R. 653 and *Logia Caballeros del Plata* v. *García,* 63 P.R.R. 279, denied the motion to dismiss and held that, according to the doctrine laid down in those cases, the complaint stated facts sufficient

to constitute the cause of action relied on, and that the plaintiffs, as legitimate heirs of Sotero Hernández, had capacity to bring the action. Upon a reconsideration being requested, on the ground that the decision rendered was repugnant to the doctrine established in the case of *Peña* v. *Mendoza,* 60 P.R.R. 107, the lower court, after hearing the parties, granted the reconsideration sought, as it considered that, according to the decision in *Peña* v. *Mendoza,* for the complaint to state a cause of action, the plaintiffs must "allege that the value of the properties involved in this action exceeded the portion of the hereditary estate of Sotero Hernández of which he could have freely disposed under the law."

In *Peña* v. *Mendoza, supra,* the question involved was as follows: On February 8, 1930, Francisco Peña Vázquez, legitimate father of the plaintiffs, executed a public deed wherein he admitted having received from the defendant María Mendoza, the sum of $3,200 as a loan; and as security for the same he mortgaged two urban properties owned by him. The plaintiffs, after the death of their predecessor in interest, brought an action to annul the mortgage deed and alleged that long before February 8, 1930, their predecessor and Mrs. Mendoza lived in public concubinage as husband and wife, and that during all that time the defendant was insolvent; that both of them conspired for the sole purpose of defrauding the plaintiffs; and that the mortgage deed had been simulated and executed for a fraudulent purpose. They prayed for a judgment declaring the mortgage contract null and void. The defendant answered and denied the essential averments of the complaint, and alleged certain special defenses. The case went to trial and after the close of the plaintiffs' evidence the defendant filed a motion for nonsuit which was sustained, whereupon a judgment was rendered dismissing the complaint and adjudging the plaintiffs to pay the costs and attorney's fees. The plaintiffs appealed and assigned as error the granting of the motion for nonsuit and dismissal of the complaint, and

the holding that at the time of the death of Francisco Peña the action had prescribed. This Court in its opinion stated that the action prosecuted by the plaintiffs rested on the alleged nullity, for lack of consideration, of the loan contract secured by mortgage, and on that said contract never had any legal existence, inasmuch as the defendant never lent any sum to plaintiffs' predecessor in interest; that the defendant had in her favor the disputable presumptions enumerated in § 464 of the Code of Civil of Civil Procedure, subdivisions 19 and 38, to the effect "that private transactions have been fair and regular" and "that there was a good and sufficient consideration for a written contract"; that the plaintiffs failed to introduce any evidence tending to controvert the two presumptions quoted above; and that the presumption invoked by them in their favor, in the sense that "contracts by virtue of which the debtor alienates property, for a good consideration, are presumed to be executed in fraud of creditors" (§ 1249 of the Civil Code, 1930 ed.) could only be invoked by creditors; and since the plaintiffs were heir of the deceased, they were "only entitled to challenge a gratuitous disposal of property made by their predecessor in interest if the property disposed should exceed the one-third disposable portion of the estate." On those considerations, it affirmed the judgment appealed from.

The words which we have just cited, set off by quotation marks, constituted merely a *dictum* in the case. There the validity of the mortgage contract was not challenged because said contract was equivalent to a donation or to a gratuitous disposal in favor of the defendant. The gist of the action was that the said contract was simulated and fraudulent and that it had been entered into with the sole purpose of defrauding the plaintiffs, and hence it was nonexistent and void.

In *González et al.* v. *Fumero et al., supra,* it was alleged that certain contracts were void as they were simulated and in the course of the opinion it was stated:

". . . In the case before us, from whatever angle the question may be viewed, and whether there is lack of consent as a concurrence of wills for the contract of sale or whether there is no consideration, *the contract is void because the act in question lacks the essential requisites for the creation of such a contract.*"__ (Italics ours.)

"   .      .      .      .      .      .      .      .

"As there is no contract in the present case and as no right whatever has been created by the simulated deeds in question, it can not be held that the district court erred." etc.

As it may be seen, it was held that a simulated contract is wholly void and can not create any right. This being so, and since in the case of *Peña v. Mendoza, supra,* it was alleged that the mortgage contract was simulated, it was unnecessary to make reference to any gratuitous disposal.

The case of *Heirs of Soto v. Vélez,* seems to us identical to the present one. There it was alleged that a certain deed of sale executed by the predecessor of the plaintiff in favor of María Vélez was void for it was simulated. As stated in the opinion, the evidence introduced was to the effect that Soto abandoned his wife and went to live in concubinage with the defendant; that subsequently and through a private document Soto purchased the property in controversy and two days later the same vendors sold it again to the defendant. It was held, that under the circumstances of the case, the district court was justified in deciding that there was involved a simulated contract, citing *Rivera v. Heirs of Caraballo, supra,* and *González et al. v. Fumero et al., supra,*

In the case at bar, as we have already seen from the allegations and the prayer of the complaint, it is sought that certain deeds executed in favor of the defendant Adolfina Ayala be declared void and nonexistent, as they are simulated. There is nothing in the complaint to show that there is involved a gratuitous disposal or a donation made by Sotero Hernández in favor of his alleged concubine. A motion like the one filed by the defendant admits the truth of the essential averments of the complaint. Once the simu-

lation is admitted the transactions set forth in the complaint become nonexistent and can not create any right whatsoever. Under these circumstances, the *dictum* in *Peña* v. *Mendoza, supra,* to which we have already referred, has no application to the question involved herein. The complaint states a cause of action and the motion should have been denied. The lower court held the same view in its original decision of July 3, 1947.

In view of the foregoing conclusion, we deem it unnecessary to discuss the second error assigned.

The judgment appealed from should be reversed and the case remanded for further proceedings not inconsistent with this opinion.

Mr. Justice De Jesús did not participate herein.